BACHARACH, J., joined by BRISCOE, J., concurring. The majority affirms after considering the arguments presented by the appellant. For appellees Corizon, Nickelson, Emerson, and Watson (in his individual capacity), our dissenting colleague would reverse based on an argument that he raises sua sponte. The majority takes a different approach, considering only the arguments that the appellant has made. Our dissenting colleague regards our approach as a failure to treat a pro se litigant fairly and to protect him against heavy-handed treatment by opposing counsel. I respectfully disagree. Because Mr. Hill is pro se, we liberally construe his filings. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam). But liberally construing filings does not allow us to become advocates for unrepresented litigants. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (“[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.”). Our dissenting colleague considers it appropriate to reverse on a ground not presented, pointing out that we have the power to reverse on a ground not raised by the appellant. Planned Parenthood of Kansas & Mid-Missouri v. Moser, 747 F.3d 814, 836-38 (10th Cir. 2014). I do not question that power, though it is rarely exercised. See Margheim v. Buljko, 855 F.3d 1077, 1088 (10th Cir. 2017) (stating that we should exercise our discretion “only sparingly” to consider issues that are waived). On the rare occasions in which we exercise that power, we have explained the presence of exceptional circumstances and given the parties an opportunity to address the issues being raised sua sponte. Id. at 1088-89 (stating that sua sponte review was appropriate because the issue involved a legal question, consideration was consistent with the purpose of qualified immunity, the party being affected had a unique pleading burden to avoid qualified immunity, the district court ruled on the issue, and the parties had an opportunity to address the issue in their appellate briefs); Planned Parenthood of Kansas & Mid-Missouri v. Moser, 747 F.3d 814, 836-38 (10th Cir. 2014) (stating that sua sponte review was appropriate because the issue was antecedent to an issue raised by the parties, the party being affected had two opportunities to brief the subject, and the issue was substantial and important). But our dissenting colleague points to no exceptional circumstances here and the parties have not had an opportunity to address the issue that he raises. In the absence of exceptional circumstances or an opportunity to address our dissenting colleague’s newly raised issue, I see no reason here to exercise our power to reverse on an issue being raised sua sponte. See Fourth Corner Credit Union v. Fed. Res. Bank of Kansas City, 861 F.3d 1052, 1053 n.1 & 1076 (10th Cir. 2017) (stating that the existence of power to raise an issue sua sponte “does not mean that we should exercise it”). I strongly agree with our dissenting colleague that pro se litigants should be treated fairly. But a key ingredient of fairness is equality in treatment. Once we start imagining grounds for reversal that the parties have not raised, we can easily cross the line into advocacy. Crossing that line can serve not only to compromise our neutrality but also to create unintended consequences, disadvantaging the very parties that we are trying to help. See Robert Bacharach & Lyn Entzeroth, Judicial Advocacy in Pro Se Litigation: A Return to Neutrality, 42 Ind. L. Rev. 19, 32-41 (2009) (giving examples where judges have inadvertently disadvantaged pro se litigants by devising arguments in an effort to be helpful). Instead, I would maintain a strict standard of neutrality. See id. at 42-43 (discussing how judicial neutrality is important to avoid “the loosening of the well-designed constraints on the role of the judiciary in the adversarial process”). I do not view this approach as a lack of fairness or unwillingness to scrupulously and diligently safeguard the rights of pro se litigants. Instead, I think we are carrying out our roles as judges to ensure equality in treatment, an indispensable component of fairness.